ARKANSAS DEPARTMENT of HEALTH & HUMAN SERVICES  *v.*  C.M., Minor Child

CA 06-434                                         269 S.W.3d 387

Court of Appeals of Arkansas
Opinion delivered December 5, 2007

*Gray Allen Turner*, Office of Chief Counsel, for appellant.

*Teresa McLemore*, attorney ad litem, for appellee.

KAREN R. BAKER, Judge. The Arkansas Department of Health and Human Services appeals from an order appointing Dale Casto to represent the minor child in an administrative appeal and for the Department to pay Mr. Casto's attorney fees because the child was in the Department's custody. On appeal, the Department argues that the circuit court abused its discretion when it ordered the Department to pay for an attorney for the minor child in an unrelated case. We disagree and affirm.

The facts of this case are as follows. Two minor children, C.M. and A.P., have been in the custody of the Department of Health and Human Services since 2001. Since that time, the parent's rights have been terminated. At a post-termination review hearing on November 30, 2005, the children's attorney ad litem, Teresa McLemore, informed the court that, as a result of alleged sexual misconduct on the part of C.M. against his sister A.P., he had been given notice that he had the right to an administrative hearing. At this time, C.M. was nine years old. Ms. McLemore requested that C.M. be appointed an attorney to represent him at the administrative hearing. The trial judge entered an order stating that Dale Casto was to represent C.M. at the administrative hearing. In a second order, the trial judge stated that, because C.M. was a juvenile in the care of the Department and was unable to pay for an attorney, the Department was financially responsible for Mr. Casto's attorney fees. From this order, the Department brings this appeal.

In equity matters, such as juvenile proceedings, the standard of review on appeal is de novo, although we do not reverse unless the trial court's findings are clearly erroneous. *See Moiser v. Ark. Dep't of Human Servs.*, 95 Ark. App. 32, 233 S.W.3d 172 (2006).

"A finding is clearly erroneous when, although there is evidence to support the finding, after reviewing all of the evidence, the reviewing court is left with the definite and firm conviction that a mistake has been made." *Brewer v. Ark. Dep't of Human Servs.*, 71 Ark. App. 364, 368, 43 S.W.3d 196, 199 (2001).

DHS contends that the circuit court did not have subject-matter jurisdiction to enter this order because DHS, as a state entity, enjoys sovereign immunity from suit. Article 5, § 20, of the Arkansas Constitution provides that "[t]he State of Arkansas shall never be made a defendant in any of her courts." Suits against the State are expressly forbidden by this provision. *Ark. Dep't of Human Servs. v. T.B.*, 347 Ark. 593, 67 S.W.3d 539 (2002). The Department of Human Services is a State agency, and it maintains that when the trial court ordered that DHS was financially responsible for C.M.'s attorney fees for the administrative hearing, it made DHS a defendant and, thus, violated the Sovereign Immunity clause of the Arkansas Constitution. We disagree.

DHS cites to *Arkansas Department of Human Services v. State*, 312 Ark. 481, 850 S.W.2d 847 (1993), in support of its sovereign immunity argument. That case seems to indicate that sovereign immunity shelters DHS from suit; however, that case dealt with probation fees and restitution. Arkansas Code Annotated section 16-13-326(a) (Supp. 2007) provides for a juvenile court's authority to assess a probation fee; however, this statute is silent on assessing a probation fee against a *custodian*. However, the supreme court in *Arkansas Department of Human Services v. R.P.*, 333 Ark. 516, 970 S.W.2d 225 (1998), found that Ark. Code Ann. § 9-27-332(1) (Repl. 1993), which authorizes the court to order "family services" when a family is found to be in need of services, was, in effect, a waiver of DHS's sovereign immunity. Unlike the statutes at issue in the *State* case, the Juvenile Code expressly empowers the court to order cash assistance. *See R.P.*, 333 Ark. at 531, 970 S.W.2d at 233.

Arkansas Code Annotated section 9-27-334(a)(1)(A) (Repl. 2002) states that, "[i]f a juvenile is found to be dependent-neglected, the circuit court may enter an order making any of the following dispositions . . . Order family services . . ." "Family services" means relevant services, including, but not limited to: child care; homemaker services; crisis counseling; cash assistance; transportation; family therapy; physical, psychiatric, or psychological evaluation; counseling; or treatment, provided to a juvenile or his family. Ark. Code Ann. § 9-27-303(23)(A) (Repl. 2002);

*R.P.*, 333 Ark. at 532, 970 S.W.2d at 233. Family services are provided in order to (i) prevent a juvenile from being removed from a parent, guardian, or custodian; (ii) reunite the juvenile with the parent, guardian, or custodian from whom the juvenile has been removed; or (iii) implement a permanent plan of adoption, guardianship, or rehabilitation of the juvenile. Ark. Code Ann. § 9-27-303(23)(B). Every six months the court shall review a case of dependency neglect or families in need of services. Ark. Code Ann. § 9-27-337(a) (Repl. 2002). In each case in which a juvenile has been placed in an out-of-home placement, the court shall conduct a hearing to review the case sufficiently to determine the future status of the juvenile. Ark. Code Ann. § 9-27-337(b)(1)(A). The court shall determine and shall include in its orders the following: whether the case plan, services, and placement meet the special needs and best interest of the juvenile, with the juvenile's health and safety specifically addressed; and whether the state has made reasonable efforts to provide family services. Ark. Code Ann. § 9-27-337(b)(1)(B). The court shall also project a date for the juvenile to return home or, if there is no projected date for return home, the projected dates for other alternatives and what those alternatives are. Ark. Code Ann. § 9-27-337(b)(1)(C)(i). As in *State* and *R.P.*, the General Assembly clearly intended to waive sovereign immunity in a situation, such as the one before us, where assistance was needed to pay for an attorney to represent a child who was in the custody of the Department in an unrelated adjudication hearing.

In the case at hand, the circuit judge recognized that if C.M., at the age of nine, is adjudicated and placed on the sex offender list, his chances of adoption will be greatly diminished. Providing him with the proper representation at the administrative hearing, in order to keep him off the sex offender list, will greatly assist in C.M.'s adoption and permanency planning. Furthermore, C.M. is entitled to an attorney at the hearing. *See* Ark. Code Ann. § 25-15-213(1) (Repl. 2002) (stating that "[a]ny person compelled to appear before any agency or representative thereof shall have the right to be accompanied and advised by counsel. Every party shall have the right to appear in person or by counsel."). Based on the foregoing, we affirm the court's order finding DHS responsible for attorney fees for a child in the Department's custody.

Affirmed.

ROBBINS and VAUGHT, JJ., agree.